## Abercrombie's Estate

*George W. McKee, Jr.*, for exceptants.
*William F. Housman*, contra.

RICHARDS, P. J., February 15, 1943. — Exceptions have been filed to the first and final account of the Steelton Bank & Trust Company, executor of the last will and testament of Lucy C. Abercrombie, deceased. These exceptions relate to the amount of the executor's fee and to the merging of distribution items with the principal and income accounts.

Decedent died on February 24, 1942. Her personal estate was appraised at $61,201.13. The account shows a balance of $52,302.74 in the principal account, consisting of securities totaling $44,723.13 and cash of $7,579.61. The income account shows a cash balance

of $230.53. Neither the accountant nor exceptant deemed it necessary to furnish the court with testimony designed to disclose the amount of work involved in settling the estate. We must decide the controversy solely upon the record. At the argument no difference of opinion was expressed by counsel as to the law applicable to the case. It was agreed that an executor's fee is compensation for services rendered and responsibility involved, and that such fee, while usually expressed on a percentage basis, is not arbitrarily fixed in any case. It is further agreed by counsel that all securities now held by the accountant are to be distributed in kind with the consent of the beneficiaries.

It will be noted from the papers in the file that decedent died on February 24, 1942, and that the account was filed on September 12, 1942. Save for distribution, therefore, the accountant settled the estate in less than seven months. This exhibits a commendable zeal in the performance of its duties. But we think it likewise indicates that there were no unusual problems to solve and that the amount of work involved is somewhat less than usual. Also the fact that securities valued at $44,723.13 are to be distributed in kind would seem to indicate that the accountant's labor have been lessened and its responsibility decreased. From our experience in such matters, we have no hesitation in concluding that this estate has been settled more promptly than usual and that the work and responsibility involved were also less than usual in estates of this size. We can draw no other conclusion in the absence of testimony on the subject.

The compensation charged is at the rate of five percent on the inventory value. Giving due weight to the prompt dispatch of its duties by the executor, we think that compensation at the rate of 3½ percent upon the inventory value is adequate, proper, and not excessive.

As to merging of distribution items in the principal and income accounts, we hold that to be improper.

Since there are only four such items and no harm is done, we will not require the account to be restated.

*Order*

And now, to wit, February 15, 1943, the exceptions are sustained. The compensation of the executor is decreased to $2,142.03, being 3½ percent of the inventory value.